IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL A PEARSON,

    Plaintiff,
v.                                                       CASE NO. 5:15-cv-205-MP-GRJ

OFFICER J SIMS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate confined at FCI Marianna, initiated this case by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and has been granted leave to proceed as a pauper. This case is before the Court on ECF No. 9, Plaintiff's second amended complaint. For the following reasons, the undersigned recommends that the Second Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.

### Standard of Review

To state a claim for relief that will survive a motion to dismiss or screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims

"across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

## Discussion

In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights. *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights. *See Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

The gravamen of Plaintiff's Complaint is that a corrections officer at FCI Marianna has harassed him, and that as a consequence of such harassment certain items of his personal property have been lost and/or taken including headphones, a radio, and canteen items. For relief, Plaintiff seeks monetary compensation for the lost personal property and termination or suspension of Sims' employment. ECF No. 9. Plaintiff has named 15 additional Defendants, including other officers that Plaintiff informed of Sims' harassment, staff who participated in denying Plaintiff's grievances, and the Attorney General of the United States. *Id*.

As the Court previously explained to Plaintiff, his claims against Sims pertaining

to lost or stolen property sound in tort. Even liberally construed, Plaintiff makes no constitutional claims against Sims that are cognizable under *Bivens*. The Federal Tort Claims Act provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. *See* 28 U.S.C. § 2679. The Federal Tort Claims Act provides a limited waiver of sovereign immunity for actions against the United States involving, "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[1] Statutory waivers of sovereign immunity must be construed strictly in favor of the sovereign.[2] "The United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[3] Because the United States' consent to suit is limited by the terms of the FTCA, "[w]here no such consent exists, a district court has no jurisdiction to entertain a suit against the United States."[4]

---

[1] Tisdale v. United States, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (quoting 28 U.S.C. § 1346(b)) (emphasis added).

[2] Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999) (quotation and citation omitted).

[3] United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted); see Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993) (assertion that physician was independent contractor, not employee, could be raised at any time because issue implicated jurisdiction under FTCA).

[4] Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1156 (5th Cir. 1981).

*Page 4 of 7*

Plaintiff concedes that he is pursuing a tort claim in connection with his lost property. ECF No. 9 at 10. Plaintiff has been afforded the opportunity to amend his Complaint to state a claim under the FTCA, and he has failed to do so.

Plaintiff contends that Sims' actions also caused him to be charged with false disciplinary reports. With regard to allegedly false disciplinary reports, federal courts do not operate as appellate courts for prison disciplinary actions. "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process." *O'Bryant v. Finch*, 637 F.2d 1207, 1215 (11th Cir. 2011). Because Plaintiff was found guilty, the only viable claims concerning a disciplinary report are claims asserting procedural violations, such as the denial of witnesses, lack of written notice of the disciplinary charge, or an impartial hearing board. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff has not alleged a denial of due process in his disciplinary hearings. Even if Plaintiff alleged a due-process violation, he would also have to allege that he was deprived of a constitutionally-protected liberty interest as a result of the disciplinary conviction. In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term (length) of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Plaintiff does not have a

liberty interest in merely being free from disciplinary confinement, and he does not allege that he has lost any gain time or good conduct time as a result of his disciplinary conviction, or that his term of imprisonment was altered in any other way.

Lastly, Plaintiff contends that Sims' harassment stems from Plaintiff's complaints about Sims in the form of a write-up more than a year ago.  Assuming that Plaintiff's write-up of Sims was an exercise of constitutionally-protected speech, the Eleventh Circuit has established a three-part test to determine whether a Plaintiff has an actionable First Amendment claim.  The Plaintiff must establish each of the three elements:

> (1) his speech was constitutionally protected;
>
> (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and
>
> (3) there is a causal relationship between the retaliatory action and the protected speech.

*Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005); *see also Smith v. Mosley,* 532 F.3d 1270, 1276 (11th Cir. 2008).

For the first element, it "is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement."  *Mosley,* 532 F.3d at 1276.  "It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints."  *Id*.  The second element of the three-part test does not require that the Plaintiff himself was actually deterred from engaging in such speech,

but that "a person of ordinary firmness" would be deterred from engaging in the protected speech. *Id.* Finally, the third element asks whether the protected speech subjectively motivated the defendants to engage in the retaliatory conduct. *Id.* A plaintiff bears the burden of proof on all three elements.

Again, Plaintiff's primary complaint is that Sims' alleged theft of Plaintiff's personal property was retaliatory. The allegations of the Complaint do not support a conclusion that a person of ordinary firmness would be deterred from engaging in the protected speech – complaints about Sims – as a consequence of losing personal property. To the contrary, Plaintiff's allegations reflect that the loss of his property fueled more complaints about Sims. Plaintiff recites numerous occasions on which he exercised his right to complain about Sims' actions to other named Defendants. The undersigned therefore concludes that Plaintiff has failed to state a cognizable claim for retaliation for exercising his First Amendment rights.[5]

Plaintiff's claims against the remaining Defendants all stem directly from Sims' actions. But there is no vicarious liability under *Bivens* and Plaintiff has failed to allege any cognizable constitutional violations against him by the other officers named in the Complaint who either supervised Sims or handled Plaintiff's grievances about Sims.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case

---

[5] Moreover, even if Plaintiff were to prevail in such a case against Sims his allegations show that he has not suffered any physical injury. Therefore, under the Prison Litigation Reform Act (PLRA) Plaintiff would be entitled to only nominal damages as compensation for the First Amendment violation – typically $1.00. *See Brooks v. Warden*, ___ F.3d___, 2015 WL 5157339 *10-*11 (11th Cir. 2015).

should be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 1st day of December 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.